THE FLEMING & MADDULORRI MEDICAL LABORATORY, LTD., d/b/a F & M Medical Laboratory, Plaintiff-Appellee-Appellant, *v.* JAMES L. TRAINOR, Director, Department of Public Aid, Defendant-Appellant-Appellee.

First District (1st Division)    Nos. 77-167, 77-276 cons.

Opinion filed December 12, 1977.

William J. Scott, Attorney General, of Chicago (James C. O'Connell, Assistant Attorney General, of counsel), for appellant-appellee.

Tim Biasiello and R. S. Maione, both of Chicago, for appellee-appellant.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, The Fleming & Maddulorri Medical Laboratory, Ltd., an Illinois corporation, d/b/a F & M Medical Laboratory, filed suit in the circuit court of Cook County to restrain defendant, James L. Trainor, Director of the Illinois Department of Public Aid, from suspending plaintiff's right to participate in the Illinois Medical Assistance Program (Medicaid) (Ill. Rev. Stat. 1975, ch. 23, par. 5—1 *et seq.*). After a hearing at which the trial court heard the arguments of counsel, defendant was preliminarily enjoined from suspending, terminating or interfering with plaintiff's participation as an authorized medical services vendor to the Illinois Medical Assistance Program and from suspending or terminating payments for past or future services. Subsequently, the court modified its injunction order to allow the suspension of payments for services rendered prior to the date of the preliminary injunction.

Defendant has filed an interlocutory appeal (77-167) from the injunction issued against him and plaintiff has appealed (77-276) from the modification. The underlying governing issue is whether defendant has statutory authority to suspend or terminate plaintiff's participation.

Subsequent to the filing of the briefs in the cases, the Supreme Court of Illinois decided *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d

540, and, on December 1, 1977, issued its mandate to the circuit court of Cook County. The supreme court in its opinion held that the defendant does not have the authority to terminate or suspend medical service vendors. That decision is decisive of this case. Accordingly, the judgment of the circuit court of Cook County enjoining defendant from suspending, terminating or interfering with plaintiff's participation as an authorized medical services vendor and from suspending or terminating payments for past or future services is affirmed and its modification suspending payments for services rendered prior to the date of the preliminary injunction is reversed.

Judgment in 77-167 affirmed.

Judgment in 77-276 reversed.

GOLDBERG, P. J., and McGLOON, J., concur.